McEvers, Justice.
 

 [¶ 1] Morris Brickle-Hicks appeals from a criminal judgment entered after the district court denied his motion to suppress evidence and a jury found him guilty of murder. Brickle-Hicks argues the court erred in denying his motion to suppress incriminating statements made by him to law enforcement officers and physical evidence he provided to the officers. We conclude
 
 *783
 
 the court's denial of Brickle-Hicks' motion to suppress is supported by sufficient competent evidence and is not contrary to the manifest weight of the evidence. We affirm.
 

 I
 

 [¶ 2] According to Bismarck police officers, shortly after 5 a.m. on April 14, 2016, they responded to a call from the Sanford Hospital emergency room, where Brickle-Hicks reported that he had been assaulted in south Bismarck. Brickle-Hicks had blood on his clothes and shoes, and the officers took a statement from him about that assault before he was discharged from the emergency room and allowed to leave the hospital.
 

 [¶ 3] At about 8:50 a.m. on April 14, 2016, Bismarck police officers received a report of a deceased female with visible injuries to her face and body near a business in south Bismarck. An officer eventually contacted Brickle-Hicks' girlfriend and informed her that he wanted to speak with Brickle-Hicks about his assault report. Brickle-Hicks' girlfriend brought him to the police department shortly after 12 a.m. on April 15, 2016, where he was read his
 
 Miranda
 
 rights and signed a waiver of those rights. Officers conducted a two and one-half hour recorded interview of Brickle-Hicks, in which he made incriminating statements about the female's death. During the interview, Brickle-Hicks also provided the officers with items of his clothing for testing.
 

 [¶ 4] The State charged Brickle-Hicks with murder, a class AA felony under N.D.C.C. § 12.1-16-01(1), alleging he intentionally or knowingly caused the death of another on April 14, 2016, or caused the death of another under circumstances manifesting an extreme indifference to the value of human life. Brickle-Hicks moved to suppress all statements made by him to law enforcement officers during the interview, arguing his
 
 Miranda
 
 rights were violated and his statements were involuntary under the totality of the circumstances. He also sought to suppress the clothing seized from him during the interview.
 

 [¶ 5] After an evidentiary hearing at which the parties stipulated to the introduction into evidence of the recording of the officers' interview of Brickle-Hicks, the district court denied his motion to suppress. The court ruled Brickle-Hicks' statements were voluntary, his
 
 Miranda
 
 rights were not violated, and he consented to giving his clothing to the officers for testing. The court found that the recorded interview negated Brickle-Hicks' claim that he was susceptible to manipulation, that Brickle-Hicks was capable of understanding the consequences of his statements made during the interview, and that the officers did not use improper deception or questioning tactics to coerce a confession. The court determined that the verbal and written
 
 Miranda
 
 warnings given to Brickle-Hicks substantially complied with the requirements of
 
 Miranda
 
 and that he voluntarily, knowingly, and intelligently waived his
 
 Miranda
 
 rights. The court also found Brickle-Hicks voluntarily consented to giving his clothing to the officers for testing. A jury thereafter found Brickle-Hicks guilty of murder.
 

 II
 

 [¶ 6] Brickle-Hicks argues the district court erred in denying his motion to suppress. In
 
 State v. Goebel
 
 ,
 
 2007 ND 4
 
 , ¶ 11,
 
 725 N.W.2d 578
 
 (citations omitted), we described our standard of review of motions to suppress:
 

 When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of
 
 *784
 
 affirmance. We recognize that the district court is in a superior position to assess the credibility of witnesses and weigh the evidence. Generally, a district court's decision to deny a motion to suppress will not be reversed if there is sufficient competent evidence capable of supporting the district court's findings, and if its decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.
 

 III
 

 [¶ 7] Brickle-Hicks argues he did not validly waive his
 
 Miranda
 
 rights and the district court should have suppressed his statements made during the recorded interview.
 

 [¶ 8] The Fifth Amendment of the United States Constitution and N.D. Const. art. I, § 12, provides that "[n]o person shall be ... compelled in any criminal case to be a witness against himself." In
 
 Miranda v. Arizona
 
 ,
 
 384 U.S. 436
 
 , 479,
 
 86 S.Ct. 1602
 
 ,
 
 16 L.Ed.2d 694
 
 (1966), the United States Supreme Court held that a person subjected to custodial interrogation is entitled to the following specific warnings to secure the privilege against self-incrimination.
 

 [1] He must be warned prior to any questioning that he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.
 

 [¶ 9] Before law enforcement officers interviewed Brickle-Hicks, they informed him of his
 
 Miranda
 
 rights both verbally and in writing, and he signed a waiver of his rights which provided:
 

 STATEMENT OF RIGHTS
 

 YOU HAVE THE RIGHT TO REMAIN SILENT. ANYTHING YOU SAY CAN AND WILL BE USED AGAINST YOU IN A COURT OF LAW. YOU HAVE THE RIGHT TO TALK TO A LAWYER AND TO HAVE HIM PRESENT WITH YOU WHILE YOU ARE BEING QUESTIONED. IF YOU CANNOT AFFORD TO HIRE A LAWYER, ONE WILL BE APPOINTED TO REPRESENT YOU BEFORE ANY QUESTIONING, IF YOU WISH. YOU CAN DECIDE AT ANY TIME TO EXERCISE ANY OF THESE RIGHTS AND NOT ANSWER ANY QUESTIONS OR MAKE ANY STATEMENTS.
 

 WAIVER OF RIGHTS
 

 I HAVE READ AND FULLY UNDERSTAND MY RIGHTS AS LISTED ABOVE AND HEREBY MAKE THE FOLLOWING STATEMENT OF MY OWN FREE WILL WITHOUT THREATS OR PROMISES FROM ANYONE. AT THIS TIME, I WILLINGLY WAIVE THESE RIGHTS.
 

 [¶ 10] Brickle-Hicks argues that his signature on the written waiver does not in itself establish he voluntarily, knowingly, and intelligently waived his
 
 Miranda
 
 rights and that under the totality of the circumstances, including the officers' alleged deception and coercion during the interview and his diminished cognitive abilities, he did not voluntarily, knowingly, and intelligently waive his
 
 Miranda
 
 rights.
 

 [¶ 11] A defendant's waiver of
 
 Miranda
 
 rights must be made voluntarily, knowingly, and intelligently.
 
 State v. Webster
 
 ,
 
 2013 ND 119
 
 , ¶ 20,
 
 834 N.W.2d 283
 
 . We have recognized voluntariness challenges are based either on due process grounds or on self-incrimination grounds.
 

 Id.
 

 The due process analysis for voluntariness
 
 *785
 
 considers the totality of the circumstances, which is the same standard applicable to determine whether a defendant voluntarily, knowingly, and intelligently waived
 
 Miranda
 
 rights under the Fifth Amendment.
 

 Id.
 

 In
 
 Webster
 
 , at ¶ 21 (quoting
 
 Moran v. Burbine
 
 ,
 
 475 U.S. 412
 
 , 421,
 
 106 S.Ct. 1135
 
 ,
 
 89 L.Ed.2d 410
 
 (1986) ), we described the focus of the analysis for claims about whether a defendant has voluntarily, knowingly, and intelligently waived
 
 Miranda
 
 rights:
 

 First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the
 
 Miranda
 
 rights have been waived.
 

 [¶ 12] Here, the district court determined the verbal and written advisory complied with the
 
 Miranda
 
 requirements and considered whether Brickle-Hicks' waiver was made voluntarily, knowingly, and intelligently. After reviewing the recording of Brickle-Hicks' interview and hearing conflicting medical testimony about his cognitive ability, the court found the law enforcement officers' questioning and tactics did not amount to deception or coercion and his waiver was voluntary under the first prong of the waiver analysis. The court also found the second prong of the waiver analysis was satisfied because Brickle-Hicks possessed sufficient verbal and reading comprehension to understand the consequences of his waiver and he had had substantial previous interaction with law enforcement based on his lengthy criminal record. The court explained Brickle-Hicks understood the interview questions, articulated coherent responses, and on multiple occasions corrected the officers and provided clarifications if the officers suggested details contrary to his story. The court found that Brickle-Hicks was capable of understanding the consequences of his statements during the interview, that the setting for the police interview was not coercive, and that the officers did not use improper questioning tactics. The court also found the evidence indicated Brickle-Hicks was malingering in response to certain cognitive tests. The court thus found Brickle-Hicks voluntarily, knowingly, and intelligently waived his
 
 Miranda
 
 rights.
 

 [¶ 13] We conclude there is sufficient competent evidence supporting the district court's findings and the court's decision that Brickle-Hicks voluntarily, knowingly, and intelligently waived his
 
 Miranda
 
 rights is not contrary to the manifest weight of the evidence.
 

 IV
 

 [¶ 14] Brickle-Hicks also argues his statements during the interview should have been suppressed because they were involuntary.
 

 [¶ 15] In
 
 Goebel
 
 ,
 
 2007 ND 4
 
 , ¶ 16,
 
 725 N.W.2d 578
 
 (citations omitted), we discussed the standards for challenging the voluntariness of a confession under due process:
 

 When a confession is challenged on due process grounds, the ultimate inquiry is whether the confession was voluntary. A confession is voluntary if it is a product of the defendant's free choice rather than a product of coercion. To assess voluntariness, we look at the totality of the circumstances. Our inquiry focuses on two elements: (1) the characteristics
 
 *786
 
 and conditions of the accused at the time of the confession, including age, sex, race, education level, physical and mental condition, and prior experience with police; and (2) the details of the setting in which the confession was obtained, including the duration and conditions of detention, police attitude toward the defendant, and the diverse pressures that sap the accused's powers of resistance or self-control.
 

 [¶ 16] As we explained earlier, the district court reviewed Brickle-Hicks' recorded interview in conjunction with conflicting medical testimony about his cognitive ability and found that he was not susceptible to manipulation and interrogation tactics, that he understood the interview questions, that he articulated coherent responses, and that he was capable of understanding the consequences of his statements during the interview. The court thus concluded Brickle-Hicks' interview statements were voluntary under the first element of the due process analysis.
 

 [¶ 17] The court also found the interview setting was not coercive and the officers did not use any improper questioning tactics or coerced his statements. The court explained that Brickle-Hicks voluntarily appeared at the police station after officers contacted his girlfriend, that the officers maintained a non-aggressive and friendly attitude during the interview, and that their tactics qualified as proper investigation strategies rather than coercion.
 

 [¶ 18] We conclude there is sufficient competent evidence supporting the district court's findings, and its decision that Brickle-Hicks' statements during the interview were voluntary is not contrary to the manifest weight of the evidence. We therefore conclude the court did not err in denying Brickle-Hicks' motion to suppress his statements made during the interview.
 

 V
 

 [¶ 19] Brickle-Hicks argues his clothing seized by the officers during the interview should have been suppressed because the officers did not obtain a search warrant and because the clothing should have been excluded as the fruit of the poisonous tree.
 

 [¶ 20] Absent an exception to the warrant requirement, the Fourth Amendment and N.D. Const. art. I, § 8, generally require a warrant for the seizure of physical evidence.
 
 State v. Nickel
 
 ,
 
 2013 ND 155
 
 , ¶ 22,
 
 836 N.W.2d 405
 
 . Consent is an exception to the warrant requirement and is evaluated under the totality of the circumstances.
 
 State v. Morin
 
 ,
 
 2012 ND 75
 
 , ¶ 7,
 
 815 N.W.2d 229
 
 . The exclusionary rule generally requires the suppression of evidence derived as a result of a constitutional violation as fruit of the poisonous tree.
 
 State v. Wahl
 
 ,
 
 450 N.W.2d 710
 
 , 714 (N.D. 1990).
 

 [¶ 21] Here, the district court found Brickle-Hicks voluntarily consented to giving his clothing to the law enforcement officers. We conclude there is sufficient competent evidence in the record supporting the court's finding and the court's decision is not contrary to the manifest weight of the evidence. We therefore conclude Brickle-Hicks' clothing was not seized in violation of his Fourth Amendment rights and because we have rejected his other constitutional claims, we conclude the fruit of the poisonous tree doctrine is not applicable.
 

 VI
 

 [¶ 22] The district court's order denying Brickle-Hicks' motion to suppress is not contrary to the manifest weight of the evidence, and we affirm the judgment.
 

 [¶ 23] Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Jon J. Jensen
 

 Gerald W. VandeWalle, C.J.