# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 25

State of North Dakota,                                    Plaintiff and Appellee

v.

Sean Taylor Spillum,                                    Defendant and Appellant

## No. 20200156

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Todd A. Schwarz, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1] Sean Spillum appeals from a criminal judgment entered after a jury found him guilty of possession of certain materials prohibited. Spillum argues the State failed to establish the offense was committed within Ward County, North Dakota. Spillum also argues the district court erred in denying his motion to suppress because he was subject to a custodial interrogation and entitled to *Miranda* warnings after an arrest warrant had been issued. We affirm the criminal judgment of the district court.

I

[¶2] Spillum was under criminal investigation for uploading suspected child pornography to a cloud storage service. Officers interviewed Spillum on three separate occasions regarding electronic devices that were seized from Spillum's home and the explicit material discovered on the devices. A day before his third interview, a warrant had been issued for Spillum's arrest. Officers did not notify Spillum of the existence of the arrest warrant before or during the interview. At the beginning of the interview, the officers told Spillum he was not under arrest. Spillum was informed he was not required to speak with law enforcement or answer their questions. The officers offered to assist Spillum obtain an attorney at his request. Spillum did not request an attorney, and he answered the officers' questions. At the end of the interview, officers informed Spillum he was not permitted to leave and placed him under arrest.

[¶3] The State charged Spillum with possession of certain materials prohibited. Spillum moved to suppress the third interview arguing he was subject to a custodial interrogation and entitled to receive adequate *Miranda* warnings because law enforcement was in possession of the arrest warrant at the time of the interview. The district court denied the motion.

[¶4] A jury trial commenced on February 12, 2020. The district court instructed the jury regarding the essential elements of the offense as follows:

The State satisfies its burden of proof in this case if the evidence shows, beyond a reasonable doubt, the following essential elements of the offense charged:

> 1. On or about October 14, 2018, in Ward County, State of North Dakota; the Defendant, Sean Taylor Spillum;
>
> 2. Knowing the character and content of a performance;
>
> 3. Knowingly possessed any motion picture, photograph, or other visual representation that included sexual conduct by a minor.

The jury returned a verdict finding Spillum guilty of possession of certain materials prohibited.

## II

[¶5]  Spillum argues the State did not offer evidence during trial that the offense occurred in Ward County, North Dakota, a required part of the first element in the jury instruction for the offense. Spillum refers to this issue as a jurisdictional defect. Although referred to as a jurisdictional issue, Spillum's argument is substantively a challenge to the sufficiency of the evidence to support the guilty verdict asserting the State failed to prove the location of the offense, an essential element of the offense. On appeal, we have reviewed his argument as a challenge to the sufficiency of the evidence.

[¶6]  When a defendant challenges the sufficiency of evidence to support a jury verdict, this Court's standard of review is as follows:

> In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor.

*State v. Kenny*, 2019 ND 218, ¶ 20, 932 N.W.2d 516 (quoting *State v. Rourke*, 2017 ND 102, ¶ 6, 893 N.W.2d 176). "A conviction may be justified on circumstantial evidence alone if the circumstantial evidence has such probative force as to enable the trier of fact to find the defendant guilty beyond a reasonable doubt." *State v. Clark*, 2015 ND 201, ¶ 8, 868 N.W.2d 363 (quoting *State v. Addai*, 2010 ND 29, ¶ 52, 778 N.W.2d 555). "A verdict based on circumstantial evidence carries the same presumption of correctness as other verdicts." *Id.* A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a not guilty verdict. *State v. Lail*, 2020 ND 13, ¶ 2, 937 N.W.2d 558.

[¶7] Under Rule 29(a) of the North Dakota Rules of Criminal Procedure, a defendant is required to move for a judgment of acquittal in a jury trial to preserve a sufficiency of the evidence claim on appeal. *See State v. Helm*, 2020 ND 155, ¶ 6, 946 N.W.2d 503. If a motion for judgment of acquittal was made at trial on specified grounds, and those grounds did not include the claim on appeal, the defendant does not preserve that issue for this Court's review. *Id.* at ¶¶ 6-7.

[¶8] During trial, Spillum moved for a judgment of acquittal arguing there was insufficient evidence to establish Spillum possessed certain material prohibited because the witnesses' testimony was "extremely vague" regarding what sexual conduct was depicted in the images or videos on Spillum's electronic devices. His trial counsel argued as follows:

> I would make the standard Rule 29 motion for judgment of acquittal. I understand that the burden, or the benefit of the doubt is given to the State in these types of motions. A couple of things I would point out for the Court's consideration: One, we have never actually seen any of these images or anything that would actually depict any of these sexual performances or anything like that. We have had extremely vague descriptions of them that I don't think actually meet what the statute claims. I believe Mr. Schwarz's questions often were just: Do these meet the statute or are these child pornography and that was the answers the witnesses gave. There was not a depiction or a description of any of the sexual acts that were actually performed.

3

[¶9] At the close of trial, Spillum renewed his objection without providing further argument. Spillum did not assert there was a lack of evidence establishing the location of the offense during his motion to the court. Although Spillum began his Rule 29 motion with the assertion it was a "standard Rule 29 motion" he proceeded to provide a challenge to a specific element of the offense: whether the State had met its burden of proving Spillum knowingly possessed any motion picture, photograph, or other visual representation that included sexual conduct by a minor. Because Spillum made a motion for judgment of acquittal on specified grounds, and those grounds did not include the claim on appeal, Spillum cannot now raise his argument challenging the sufficiency of the evidence with regard to the location of the offense.

III

[¶10] Spillum argues the district court erred in denying his motion to suppress. He asserts he was subject to a custodial interrogation during his third interview with law enforcement because an arrest warrant had been issued before the interview. Spillum contends the issuance of an arrest warrant prior to the third interview required the officers to place him under arrest and provide *Miranda* warnings before conducting the interview.

[¶11] This Court defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. *State v. Washington*, 2020 ND 120, ¶ 7, 943 N.W.2d 757. We will affirm a district court's decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court's findings, and the decision is not contrary to the manifest weight of the evidence. *State v. Goebel*, 2007 ND 4, ¶ 11, 725 N.W.2d 578. A question of law is fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law. *State v. Brickle-Hicks*, 2018 ND 194, ¶ 6, 916 N.W.2d 781. Whether a suspect was in custody, and therefore entitled to *Miranda* warnings, is a mixed question of fact and law which is fully reviewable on appeal. *State v. Sabinash*, 1998 ND 32, ¶ 14, 574 N.W.2d 827.

[¶12] In *Miranda v. Arizona*, the United States Supreme Court held, "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates

4

the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. 436, 444, 86 S.Ct. 1602 (1966). Evidence obtained in violation of the safeguards cannot be used against the defendant at trial, except for impeachment purposes. *Harris v. New York*, 401 U.S. 222, 226, 91 S.Ct. 643 (1971).

[¶13] A custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *State v. Huether*, 2010 ND 233, ¶ 14, 790 N.W.2d 901 (citing *Miranda*, at 444, 86 S.Ct. 1602). "A person is 'in custody' if there is a formal arrest or restraint on his freedom of movement to the degree associated with a formal arrest." *State v. Hansford*, 2019 ND 52, ¶ 14, 923 N.W.2d 113. When analyzing whether the accused was in custody, all circumstances surrounding the interrogation must be considered, but the ultimate inquiry is whether there was a formal arrest or a restraint on freedom of movement of the degree associated with a formal arrest. *State v. Martin*, 543 N.W.2d 224, 226 (N.D. 1996).

[¶14] This Court also considers how a reasonable person in the suspect's position would have understood the situation. *State v. Golden*, 2009 ND 108, ¶ 9, 766 N.W.2d 473. When a reasonable person in a suspect's position would feel free to leave a police interview at any time, the questioning is not custodial and *Miranda* does not apply. *State v. Murray*, 510 N.W.2d 107, 110 (N.D. 1994); *see also Berkemer v. McCarty*, 468 U.S. 420, 421-422, 104 S.Ct. 3138, 3141 (1984) ("[An officer's] unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable [person] in the suspect's position would have understood [their] situation."). "The existence of the arrest warrant does not convert [a] noncustodial situation into a custodial situation." *Murray*, at 110 (determining a police interview was not custodial and *Miranda* did not apply when the suspect was unaware of the existence of an arrest warrant and a reasonable person would have felt free to leave at any time).

[¶15] In this case, Spillum was unaware of the existence of the arrest warrant prior to his third interview at the police department. At the beginning of the

interview, officers informed Spillum he was not under arrest, and he was not restrained. Spillum did not request to have an attorney present during the interview, and he voluntarily answered the officers' questions. Under these circumstances, a reasonable person in Spillum's position would have felt free to leave at any time. Therefore, Spillum was not subject to a custodial interrogation, and the protections related to custodial interrogations as expressed in *Miranda* did not apply.

## IV

[¶16] We conclude Spillum has failed to preserve his challenge to the sufficiency of the evidence related to whether the State had met its burden of proving where the offense had occurred. The district court properly denied Spillum's motion to suppress because the existence of the arrest warrant, unknown to Spillum at the time of the third interview, did not convert the noncustodial interview into a custodial one. We affirm the judgment.

[¶17] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte