# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 161

State of North Dakota,                                    Plaintiff and Appellee

      v.

Darin Arthur Johnson,                                 Defendant and Appellant

## No. 20200252

Appeal from the District Court of Eddy County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Ashley L. Lies, New Rockford, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Darin Johnson appeals from a criminal judgment entered after a jury found him guilty of terrorizing under N.D.C.C. § 12.1-17-04. We reject Johnson's invitation to create an exception to N.D.C.C. § 12.1-17-04 when the unlawful conduct is directed toward a law enforcement officer and conclude that sufficient evidence supports Johnson's conviction. We affirm.

I

[¶2]   In September 2019, the Eddy County Sheriff was in lawful possession of guns belonging to Johnson. On September 24, 2019, Johnson drove to the courthouse in New Rockford. Once at the courthouse, Johnson revved up his truck's engine; drove past the courthouse several times; and shouted profanities at the sheriff, which were heard by employees and the sheriff inside the courthouse. The sheriff sent a deputy outside to speak with Johnson. Johnson told the deputy that he was mad at the sheriff and would be back to get his guns. The deputy testified Johnson was very agitated and the deputy perceived Johnson's comments as a threat to the sheriff. Johnson's conduct resulted in the courthouse being placed on lockdown.

[¶3]   In addition to the conduct outside the courthouse, from September 15 to September 26, 2019, Johnson made multiple posts on social media directed at the sheriff. The postings included several references to song lyrics. One post eluded to Johnson "giv[ing] ya a bullet," referencing the song "Cop Killer," and stating "[s]hit is going down if I don't get my guns back by Friday!!" Other songs included within the posts contained lyrics suggestive of violence. On September 26, 2019, Johnson was arrested, and charged with terrorizing under N.D.C.C. § 12.1-17-04, a class C felony.

[¶4]   A jury trial was held on the terrorizing charge. At the close of the State's case, Johnson moved for judgment of acquittal under N.D.R.Crim.P. 29 asserting the State had presented insufficient evidence to allow the jury to return a verdict of guilty. The motion was denied. Johnson renewed his Rule

29 motion after the State's rebuttal case. The motion was again denied. The jury subsequently found Johnson guilty of terrorizing.

## II

[¶5]  Johnson argues insufficient evidence was presented to the jury to support a conviction under N.D.C.C. § 12.1-17-04(1), asserting his conduct was not unlawful because it was directed toward a law enforcement officer. He frames his single issue on appeal as follows: "Whether a law enforcement officer can be 'terrorized' under North Dakota law, by an individual who makes verbal and social media statements against said law enforcement officer?"

### A

[¶6]  Section 12.1-17-04(1), N.D.C.C., provides, in relevant part:

> A person is guilty of a class C felony if, with intent to place another human being in fear for that human being's or another's safety . . . or in reckless disregard of the risk of causing such terror, disruption, or inconvenience, the person . . . [t]hreatens to commit any crime of violence or act dangerous to human life[.]

To convict under N.D.C.C. § 12.1-17-04, the State must prove: "(1) the defendant intended to cause another person to fear for his or another person's safety or acted with reckless disregard of the risk of causing such fear, and (2) the defendant made a threat to commit a 'crime of violence or act dangerous to human life.'" *State v. Brossart*, 2015 ND 1, ¶ 19, 858 N.W.2d 275 (quoting *State v. Laib*, 2005 ND 191, ¶ 8, 705 N.W.2d 815).

[¶7]  Our standard of review is well-established for a defendant's challenge to the sufficiency of evidence supporting a jury's verdict:

> In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a

2

light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor.

*State v. Spillum*, 2021 ND 25, ¶ 6, 954 N.W.2d 673 (quoting *State v. Kenny*, 2019 ND 218, ¶ 20, 932 N.W.2d 516).

B

[¶8] Johnson concedes that his conduct was "uproarious and boorish." He argues his conduct, because it was directed toward a law enforcement officer, did not violate the statute or should otherwise be within a law enforcement exception to N.D.C.C. § 12.1-17-04. Johnson cites to decisions of this Court and the United States Supreme Court as support for a law enforcement exception to the charge of terrorizing. *City of Houston v. Hill*, 482 U.S. 451, 465 (1987); *City of Bismarck v. Schoppert*, 469 N.W.2d 808, 811-12 (N.D. 1991); *City of Bismarck v. Nassif*, 449 N.W.2d 789, 795 (N.D. 1989).

[¶9] Johnson's reliance on *Hill*, *Schoppert* and *Nassif* is misplaced. While those cases involved vulgar and boorish behavior toward law enforcement, *Hill* and *Schoppert* did not involve threats toward law enforcement or charges of terrorizing, and in *Nassif*, this Court determined the language was not constitutionally protected. In *Hill*, the United States Supreme Court was asked to consider the actions of an individual shouting at law enforcement officers to distract their attention, but the conduct was not alleged to be threatening. *See Hill*, 482 U.S. at 453-58, 465. In *Schoppert*, the defendant was charged with disorderly conduct for rude gestures toward, and language directed at, law enforcement, but the conduct was not alleged to be threatening. *See* 469 N.W.2d at 809-10. In *Nassif*, this Court was requested to consider the following statement made to law enforcement: "you fucking son of a bitch, I'm going to go back into the house and get my shotgun and blow you bastards away[.]" 449 N.W.2d at 795. In *Nassif*, we rejected the defendant's assertion he had engaged in protected speech and rejected the assertion the evidence was insufficient to sustain a conviction for disorderly conduct, but reversed on the separate issue of whether the defendant competently, intelligently, and voluntarily waived the defense of lack of criminal responsibility. *Id*. at 792-98.

[¶10] While N.D.C.C. § 12.1-17-04 does not define "threat," we have explained that threats are "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Brossart*, 2015 ND 1, ¶ 19 (quoting *State v. Curtis*, 2008 ND 93, ¶ 5, 748 N.W.2d 709). "This Court has suggested an objective standard applies and the facts and circumstances must be considered from the perspective of a reasonable person in the recipient's position." *Id*. Whether a communication constitutes a threat presents a question for the jury. *Id.*; *see also State v. Haugen,* 392 N.W.2d 799, 805 (N.D. 1986).

[¶11] Johnson has provided no authority for the proposition that threats against law enforcement officers are an exception from the statute. The plain language of N.D.C.C. § 12.1-17-04 does not provide any "law enforcement exception" for conduct that violates this statute. We have said that "public policy is declared by the Legislature's action, and that the Legislature is much better suited than the courts to identify or set public policy in this state." *Potts v. City of Devils Lake*, 2021 ND 2, ¶ 15, 953 N.W.2d 648 (refusing to adopt a public policy exception to at-will employment under N.D.C.C. § 34-03-01 for law enforcement officers acting in self-defense). We reject Johnson's invitation to create, through judicial action, a law enforcement exception to N.D.C.C. § 12.1-17-04.

C

[¶12] The district court instructed the jury on the essential elements of the offense as follows:

> The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:
> 1) Between September 10, 2019, and September 27, 2019, in Eddy County, North Dakota,
> 2) The Defendant, Darin Arthur Johnson;
> 3) With intent to place another in fear for that person's or another's safety or in reckless disregard of the risk of causing such terror; and

4) Threatened to commit any crime of violence or act dangerous to human life.

The court also provided a definition of "threat or threatened" to the jury, in the form proposed by Johnson. That instruction read as follows:

"Threat or Threatened" is defined to mean statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals; the threat must be considered from the perspective of a reasonable person in the recipient's position.

"Unchallenged jury instructions become the law of the case." *State v. Aune*, 2021 ND 7, ¶ 7, 953 N.W.2d 601 (quoting *State v. Coppage*, 2008 ND 134, ¶ 23, 751 N.W.2d 254).

[¶13] The jury was instructed on the elements of the charge of terrorizing and provided with the definition of "threat or threatening" as proposed by Johnson. Johnson's instruction on the definition of a threat or threatening required the jury to consider Johnson's conduct from the perspective of a reasonable person in the recipient's position and is consistent with our prior cases.

[¶14] The sheriff testified that he was afraid for his safety and his family members. The State presented evidence that other people were also concerned for the sheriff's safety based on Johnson's threats, that the FBI National Threat Organization had received a call from someone concerned about the sheriff's safety, and that Johnson had engaged in his conduct intentionally and recklessly. The jury was presented with the social media posts and descriptions of Johnson's conduct outside the courthouse. We have reviewed the evidence in a light favorable to the verdict, considered the reasonable inferences the jury could draw from the evidence, and conclude substantial evidence was presented to the jury to warrant a conviction.

III

[¶15] On this record, viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably

5

to be drawn in its favor, we conclude a rational fact finder could find Johnson guilty beyond a reasonable doubt. The judgment is affirmed.

[¶16] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte