# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 49

State of North Dakota,                                          Plaintiff and Appellee

    v.

Corey Fleck,                                                Defendant and Appellant

### No. 20210160

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Chase R. Lingle, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee; submitted on brief.

Kent M. Morrow, Bismarck, ND, for defendant and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Corey Fleck appeals from a criminal judgment after a jury found him guilty of one count of theft of property by deception. We conclude sufficient evidence supports the jury's verdict. We affirm.

I

[¶2]   In March 2019 Fleck sold cattle at Kist Livestock in Mandan. The cattle were subject to liens. Kist issued a check for $10,039, naming Corey Fleck and several lienholders as payees on the check. A friend of Fleck subsequently brought the check to a bank in Elgin, in Grant County, where the check was cashed and the funds deposited into Fleck's bank account.

[¶3]   After the funds had been deposited in Fleck's account, the bank determined the endorsements from the lienholders were fraudulent and withdrew the money from Fleck's account. Kist Livestock subsequently reissued a check, proper endorsements were obtained, and the money was distributed by cashier's checks under an agreement between Fleck and the lienholder payees. Fleck received $400 from the reissued check under the agreement.

[¶4]   In November 2019, the State charged Fleck with one count of theft of property by deception, a class B felony. In September 2020, Fleck moved to dismiss the matter, contending that because the only conduct alleged by the State, *i.e.*, depositing checks, had not occurred in Morton County, the district court did not have jurisdiction over the defendant's alleged acts. The court denied his motion.

[¶5]   In May 2021, the district court held a jury trial. After the State rested its case, Fleck moved for an acquittal under N.D.R.Crim.P. 29 arguing the State had not established that any crime had occurred in Morton County, failed to prove he had knowingly obtained property by deception, failed to prove the property was property of the lienholders, or failed to prove the property or

services stolen exceeded $10,000 in value. The court denied his motion. The jury returned a verdict of guilty.

## II

[¶6]   Fleck challenges the jurisdiction of the district court, asserting the only alleged conduct in depositing the check did not occur in Morton County. "Under our law, '[p]rosecution of a crime is authorized in any county where part of the offense occurred.'" *State v. Kunkel*, 548 N.W.2d 773, 774 (N.D. 1996) (quoting *State v. Martinsons*, 462 N.W.2d 458, 459 (N.D. 1990)). Section 29-03-04, N.D.C.C., provides:

> When a crime or public offense is committed in part in one county and in part in another, or when the acts or effects thereof constituting, or requisite to the consummation of, the offense occur in two or more counties, the jurisdiction is in either or any of said counties.

*See also* N.D.C.C. § 29-03-10 ("When property taken in one county by burglary, robbery, or theft has been brought into another county, the venue of the offense is in either county."). We have recently addressed the proper location for the prosecution of an alleged crime. *State v. Samaniego*, 2022 ND 38, ¶ 12. In *Samaniego* this Court noted the following:

> Although the district court instructed the jury to determine if the offense occurred in Cass County, the location of the conduct is not an essential element of the offense under the statutory language in N.D.C.C. § 12.1-01-03(1). The location of the crime relates to the appropriate venue for trial of the offense. The North Dakota Rules of Criminal Procedure, Rule 18, confers venue for a criminal trial "in the county where the offense was committed[.]" "An act in furtherance of the crime that occurs in a county confers jurisdiction for trial of that crime in that county." *State v. Martinsons*, 462 N.W.2d 458, 460 (N.D. 1990) (citing *State v. Patten*, 353 N.W.2d 26 (N.D. 1984)).

*Id.*

[¶7] Fleck contends the State alleged and charged only the depositing of certain checks into an account with a bank located in Grant County and that "[n]o action" was taken by him to deceive or steal any funds in Morton County. The evidence presented at trial included information that the victims resided or had their places of business in Morton County; Kist Livestock, which issued the relevant check, is located in Morton County; and the bank for the Kist Livestock account is located in Morton County. There is sufficient evidence that the acts or effects constituting the crime were committed or occurred in part in Morton County.

### III

[¶8] Fleck challenges the sufficiency of the evidence to sustain the jury's guilty verdict for theft of property by deception. Our standard for reviewing a defendant's challenge to the sufficiency of evidence supporting a jury's verdict is well established:

> In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor.

*State v. Johnson*, 2021 ND 161, ¶ 7, 964 N.W.2d 500 (quoting *State v. Spillum*, 2021 ND 25, ¶ 6, 954 N.W.2d 673).

[¶9] "A conviction may be justified on circumstantial evidence alone if the circumstantial evidence has such probative force as to enable the trier of fact to find the defendant guilty beyond a reasonable doubt." *Spillum*, 2021 ND 25, ¶ 6 (quoting *State v. Clark*, 2015 ND 201, ¶ 8, 868 N.W.2d 363). "A verdict based on circumstantial evidence carries the same presumption of correctness as other verdicts." *Id*. "A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty." *State v. Christian*,

2011 ND 56, ¶ 8, 795 N.W.2d 702 (quoting *State v. Wanner*, 2010 ND 121, ¶ 9, 784 N.W.2d 143).

[¶10] The district court instructed the jury on the essential elements, as follows:

> The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:
> 1) On or about the 1st day of March 2019 through the 30th day of March 2019, in Morton County, North Dakota,
> 2) The Defendant, Corey Fleck,
> 3) Knowingly obtained by deception or by threat or intentionally deprived lien holders by deception or threat, certain property, namely money;
> 4) That property was the property of lien holders;
> 5) The Defendant acted with intent to deprive said owners of said property; and
> 6) The property or services stolen exceeded ten thousand dollars in value.

*See* N.D.C.C. §§ 12.1-23-02(2), 12.1-23-05(2). The jury was also instructed on definitions for "property of another," "owner," and "lien":

> "Property of another" means property in which a person other than the actor or in which a government has an interest which the actor is not privileged to infringe without consent, regardless of the fact that the actor also has an interest in the property and regardless of the fact that the other person or government might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband. Property in possession of the actor shall not be deemed property of another who has a security interest therein, even if legal title is in the creditor pursuant to a conditional sales contract or other security agreement.
> "Owner" means any person or a government with an interest in property such that it is "property of another" as far as the actor is concerned.
> A "lien" is a charge imposed upon specific property by which it is made security for the performance of an act.

*See also* N.D.C.C. § 12.1-23-10(8).

4

[¶11] Fleck argues that, even if a theft by deception was proven, the total amount of property was less than $10,000. He asserts that after the check was reissued, the bank manager obtained the endorsements of the businesses and Fleck and issued cashier's checks to each payee, with checks totaling $9,639 and a $400 check issued to Fleck. He acknowledges the entire initial check for $10,039 was deposited into his account but argues the initial deposit was reversed, he did not have access to the funds, and the $400 paid later to him was "legitimately" his money.

[¶12] Fleck contends that his property interest in the initial check was established by the ultimate disposition of the reissued check, of which he received $400. However, the face value of the initial check was $10,039, and there was evidence provided to the jury that the liens for the amounts owed to the lienholders far exceeded $10,000. The lienholders were listed as payees on the check because they were entitled to proceeds from the sale of the cattle. The jury was presented with evidence on how the reissued check was distributed between the payees, and it was ultimately for the jury to decide whether "[t]he property or services stolen exceeded ten thousand dollars in value." By its verdict the jury found the total property exceeded $10,000. Looking only to the evidence most favorable to the verdict and the reasonable inferences arising from the evidence, we conclude there was substantial evidence presented to the jury to support a finding the total property stolen exceeded $10,000.

[¶13] Fleck argues the State failed to prove beyond a reasonable doubt that the lienholders named on the check were the owners of the property and that he had knowingly obtained the monies presented by check. Fleck contends "[t]he checks were issued to [him] as the result of cattle sold by [him]" and the lienholders "could not produce a bill of sale that any of them had an ownership in the sold cattle prior to the sale." Fleck asserts the lienholders' security interests do not create a property interest in the check he deposited. He concludes that since the named lienholders did not own any interest in the

checks or monies, the district court erred when it denied his motion under N.D.R.Crim.P. 29.

[¶14] Fleck further argues the State failed to prove beyond a reasonable doubt essential elements 3, 4, 5, and 6. In summary, he contends that while the lienholders had liens against him personally, the lienholders "did not own any interest in the monies themselves."

[¶15] The check totaling $10,039 was deposited into Fleck's account; the other signatures on the check were not made by the individuals whose signatures they purported to be; and Fleck knew at least some of them were false endorsements. There was also testimony the signatures were on the check when Fleck directed his friend to deposit the check in his account.

[¶16] The check listed the lienholders and there was testimony and evidence as to the lienholders' identities, which created a claim to or interest in the wealth or credit because they are listed payees. There is evidence in the record showing liens by the lienholders were far in excess of $10,000. The additional payees on the check were named because they held liens in the cattle that were sold to Kist Livestock. As the jury was instructed in the essential elements, the State established that property, *i.e.*, the proceeds of the initial check issued after the cattle were sold, were property of the lienholders. Fleck's negotiated interest in the $400 with regard to the reissued second check does not negate the fact that the amount of money deposited into his account from the initial check was $10,039 and the amount of liens held by the payee lienholders totaled more than $20,000, far in excess of the amount of the check. We need not address the issue of whether the negotiation of a check exceeding $10,000 with liens totaling less than $10,000 would be a violation of the statute at issue.

[¶17] On this record, after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, we conclude sufficient evidence was presented at trial such that a rational fact finder could find Fleck guilty beyond a reasonable doubt of theft of property by deception.

6

## IV

[¶18] The criminal judgment is affirmed.

[¶19] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte