UNITED STATES of America, Appellee,

v.

Marvin B. ENOCHS, Appellant.

No. 87–2283.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1988.

Decided Sept. 21, 1988.

---

James R. Wyrsch, Kansas City, Mo., for appellant.

Maury S. Epner, Washington, D.C., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and SNEED,* Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Marvin B. Enochs entered a conditional guilty plea to one count of violating 18 U.S.C. § 511(a) (1987) by knowingly removing the vehicle identification number (VIN) from a stolen vehicle. The district court[1] sentenced him to five years' probation, a $28,000 fine, and 400 hours of community service. On appeal, Enochs claims that an implied element of section 511(a) is that the defendant must act with the awareness that his actions are unlawful. He further argues (1) that he lacked such intent and that therefore his conviction must be vacated, (2) because the indictment did not allege such intent it must be dismissed, and (3) that because section 511(a) does not include language explicitly requiring specific intent, it is both unconstitutionally vague and results in cruel and unusual punishment. Because section 511(a) does not require that the defendant act with specific intent, we affirm.

The facts are not disputed. In late 1986, Enochs acquired a junked Oldsmobile Cutlass Ciera. In an effort to obtain replacement parts, he unwittingly contacted a government informant, who agreed to furnish Enochs with a front end to a Cutlass Ciera. The informant told Enochs the front end was stolen. Enochs then removed the VIN from the "stolen" front end and replaced it with the VIN from the junked car, before rebuilding the junked car with the "stolen" part.

Section 511 states:

(a) Whoever knowingly removes, obliterates, tampers with, or alters an identification number for a motor vehicle, or motor vehicle part, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

(b)(1) Subsection (a) of this section does not apply to a removal, obliteration, tampering, or alteration by a person specified in paragraph (2) of this subsection (unless such person knows that the vehicle or part involved is stolen).

(2) The persons referred to in paragraph (1) of this subsection are—

(A) a motor vehicle scrap processor or a motor vehicle demolisher who complies with applicable State law with respect to such vehicle or part;

(B) a person who repairs such vehicle or part, if the removal, obliteration, tampering, or alteration is reasonably necessary for the repair; and

(C) a person who restores or replaces an identification number for such vehicle or part in accordance with applicable State law.

We look first to the language of the statute. "Whoever knowingly removes" a VIN "shall be fined * * * or imprisoned * * *." 18 U.S.C. § 511(a). We find this

---

* The HONORABLE JOSEPH T. SNEED, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

language clear on its face. To act "knowingly" is to act "voluntarily and intentionally, and not because of mistake or accident or other innocent reason." *Milentz v. United States*, 446 F.2d 111, 114 n. 4 (8th Cir.1971). *See Manual of Model Criminal Jury Instructions for the Eighth Circuit* § 3.14 (1985). Section 511 clearly prohibits the intentional removal or alteration of VIN's, save in certain specified circumstances, and when "Congress has explicitly spelled out the required mental state," we must adhere to it. *United States v. Gantos*, 817 F.2d 41, 43 (8th Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 175, 98 L.Ed.2d 128 (1987).

The fact that Congress intended section 511 to broadly proscribe all intentional removal or alteration of VIN's is also evidenced by the structure of the statute. Subsection (b), which exempts large groups of persons who may have legitimate need to remove a VIN, would be unnecessary if subsection (a) only reached those who removed VIN's with the specific intent to violate the law. If Congress had intended 511(a) to require specific intent, it certainly could have added an appropriate phrase, such as "for an unlawful purpose," or some similar qualifying phrase, much as it qualified the exceptions in subsection (b)(1). Instead, it drafted a broad statute and then carved specific exceptions from it.

Additionally, the legislative history to section 511 indicates that Congress intended to broadly prohibit the deliberate removal of VIN's except as necessary for repair in order to create powerful and "much-needed prosecutory tools" to combat auto theft. *Motor Vehicle Theft Law Enforcement Act of 1984*, H.R.Rep. No. 98–1087, 98th Cong., 2d Sess. 1, *reprinted in* 1984 U.S.Code Cong. & Admin.News 4628, 4628–29. Congress also sought to build into the statute "safeguards to protect the innocent," and expressly relied on prosecutors not to abuse the breadth of the language. *See id.* at 4629, 4650 ("[i]t is intended that law enforcement officials use their prosecutorial discretion" and disregard violations not connected to criminal activity). Although the primary purpose of the Motor Vehicle Theft Act, of which section 511 is a

part, is to prosecute "chop shops," *see id.* at 4630–31, if individuals were free to remove the VIN from their own vehicles, this goal would be hindered.

Enochs makes two arguments. First, he claims that *Liparota v. United States*, 471 U.S. 419, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985), and *United States v. Marvin*, 687 F.2d 1221 (8th Cir.1982), *cert. denied,* 460 U.S. 1081, 103 S.Ct. 1768, 76 L.Ed.2d 342 (1983), require that a defendant must act with specific intent, knowing he is violating the law, to violate section 511(a). *Liparota* and *Marvin* dealt with the interpretation of 7 U.S.C. § 2024(b), which punishes "whoever knowingly uses, transfers, acquires, alters, or possesses [food stamps] * * * in any manner not authorized by this chapter * * *." 7 U.S.C. § 2024(b). *See Liparota,* 471 U.S. at 426, 105 S.Ct. at 2088; *Marvin,* 687 F.2d at 1227. The issue in both cases was whether "knowingly" modified only "uses, transfers, acquires, alters or possesses," or whether it also modified "in any manner not authorized." *See Liparota,* 471 U.S. at 423, 105 S.Ct. at 2087; *Marvin,* 687 F.2d at 1226. Both courts found the statute ambiguous on its face before concluding that section 2024(b) required that the defendant be aware he was violating the law. *See Liparota,* 471 U.S. at 424, 433, 105 S.Ct. at 2087, 2092; *Marvin,* 687 F.2d at 1226, 1227. Neither *Liparota* nor *Marvin* is applicable, however, because section 511 contains no language similar to the "in a manner not authorized by this chapter" language of section 2024(b) and is obviously structured differently from section 2024 by virtue of its exceptions. *See United States v. Porter,* 842 F.2d 1021, 1026 (8th Cir.1988); *see also United States v. Udofot,* 711 F.2d 831, 837 (8th Cir.) (when there is no ambiguity in the statute, *Marvin* is inapplicable), *cert. denied,* 464 U.S. 896, 104 S.Ct. 245, 78 L.Ed.2d 234 (1983).

■ Enochs next argues that unless section 511(a) is interpreted to require specific intent, innocent persons who remove or obliterate their VIN's for innocent reasons, or perhaps no reason at all, will be prosecuted. We are not persuaded that many

individuals will remove their VIN on a whim, and we note that this is not such a case: Enochs intentionally removed the VIN from a car part he believed to be stolen in order to mask his wrongdoing. In addition, section 511 exempts from punishment anyone who finds it reasonably necessary to remove or alter his VIN in the course of repairing his vehicle. *See* 18 U.S.C. § 511(b)(2)(B). Also, the definition of "knowingly" referred to above would exculpate innocent actors. Finally, it should come as a surprise to no one that the government heavily regulates the use of automobiles and that to operate an automobile one must have a VIN just as one must have license plates.[2]

We conclude that section 511(a) does not require specific intent, but only that the defendant act knowingly, and we find all of Enoch's challenges without merit. Affirmed.

---

**2.** Although the imposition of severe penalties, especially a felony conviction, for the commission of a morally innocent act may violate the due process clause of the fifth amendment, *see United States v. Wulff,* 758 F.2d 1121, 1125 (6th Cir.1985); *see also Morissette v. United States,* 342 U.S. 246, 256, 72 S.Ct. 240, 246, 96 L.Ed. 288 (1952); *Marvin,* 687 F.2d at 1226; *Holdridge v. United States,* 282 F.2d 302, 310 (8th Cir.1960) (Blackmun, J.); *but see United States v. Engler,* 806 F.2d 425, 433–36 (3d Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 1900, 95 L.Ed.2d 506 (1987), Enochs did not raise a due process challenge to section 511.