# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 111

State of North Dakota,                                  Plaintiff and Appellant

    v.

Orin Gedrose,                                          Defendant and Appellee

## No. 20200277

Appeal from the District Court of Eddy County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Ashley L. Lies, State's Attorney, New Rockford, ND, for plaintiff and appellant.

Leah R. Carlson, West Fargo, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1]   The State appeals from a judgment dismissing its criminal complaint against Orin Gedrose after the district court held N.D.C.C. § 6-08-16(1)(d) is unconstitutional. The State argues the statute does not violate due process. We reverse the judgment and remand, concluding the district court erred in deciding N.D.C.C. § 6-08-16(1)(d) is unconstitutional.

I

[¶2]   Gedrose was charged with issuing a check without sufficient funds in violation of N.D.C.C. § 6-08-16(1)(d), a class C felony. The State alleged on October 31, 2017, Gedrose made and delivered to the Peterson Law Office a check for $120,000 payable to "Peterson Trust Acc't," and the check was returned on November 6, 2017, for non-sufficient funds.

[¶3]   Gedrose moved to dismiss the charge, arguing N.D.C.C. § 6-08-16(1)(d) is unconstitutional under the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, § 12 of the North Dakota Constitution. He argued the statute is unconstitutional because it lacks a mens rea requirement for a violation and it does not qualify as a public welfare offense. He also claimed a mens rea element was required because innocent conduct could be severely punished. The State opposed the motion, arguing the statute is a strict liability offense and the lack of a mens rea requirement does not violate due process.

[¶4]   After a hearing, the district court granted Gedrose's motion to dismiss. The court stated strict liability criminal laws generally are disfavored, and courts have expressed a strong aversion to saddling a person with the severe consequences of a felony conviction for what may have been an innocent mistake. The court noted a violation of N.D.C.C. § 6-08-16(1)(d) is a felony and a felony conviction has life-changing consequences, including imprisonment, the inability to travel out of state without permission from a probation officer, loss of the right to use firearms for a period of time, and negative economic

consequences. The court concluded due process requires the State to prove beyond a reasonable doubt that Gedrose acted with at least some degree of bad intent before he can be subjected to the consequences of a felony conviction. The court considered federal and North Dakota case law and concluded, in light of the severe consequences of a felony conviction, N.D.C.C. § 6-08-16(1)(d) violates due process and is unconstitutional. The court dismissed the complaint, and judgment dismissing the charge was entered.

## II

[¶5]   The State argues N.D.C.C. § 6-08-16(1)(d) is constitutional and the district court erred in dismissing the complaint against Gedrose. The State contends N.D.C.C. § 6-08-16(1)(d) is a strict liability offense, strict liability offenses do not violate the due process clause, and the district court erred in finding that the statute punishes a defendant for innocent conduct and that the felony penalty is unconstitutional.

[¶6]   It is presumed the legislature intended to comply with the federal and state constitutions when it enacted a statute. N.D.C.C. § 1-02-38. A statute is presumed constitutional "unless it is clearly shown that it contravenes the state or federal constitution." *McCoy v. N.D. Dep't of Transp.*, 2014 ND 119, ¶ 27, 848 N.W.2d 659 (quoting *Haney v. N.D. Workers Comp. Bureau*, 518 N.W.2d 195, 197 (N.D. 1994)). Any doubt in a statute's constitutionality must be resolved in favor of its validity, when possible. *McCoy*, at ¶ 27. "Whether a statute is unconstitutional is a question of law, which is fully reviewable on appeal." *State v. Meador*, 2010 ND 139, ¶ 7, 785 N.W.2d 886.

[¶7]   Generally, "a defendant must be 'blameworthy in mind' before he can be found guilty, a concept courts have expressed over time through various terms such as *mens rea*, scienter, malice aforethought, guilty knowledge, and the like." *Elonis v. United States*, 575 U.S. 723, 734 (2015). Criminal statutes generally are interpreted to include mens rea requirements to ensure the defendant has a guilty mind. *Id.* "[A] defendant generally must 'know the facts that make his conduct fit the definition of the offense,' even if he does not know that those facts give rise to a crime." *Id.* at 735 (quoting *Staples v. United States*, 511 U.S. 600, 608, n.3 (1994)). Courts generally avoid interpreting a

2

statute to eliminate the mens rea requirement if doing so "criminalize[s] a broad range of apparently innocent conduct." *Staples*, at 610 (quoting *Liparota v. United States*, 471 U.S. 419, 426 (1985)).

[¶8]   A strict liability offense requires no proof of the defendant's intent, knowledge, willfulness, or negligence for conviction. *State v. Olson*, 356 N.W.2d 110, 112 (N.D. 1984). Although strict liability offenses do not contain a mens rea requirement, "[s]trict-liability statutes in criminal law do not invariably violate constitutional requirements." *Id.* "The constitutional requirement of due process is not violated merely because mens rea is not a required element of a prescribed crime." *United States v. DeCoster*, 828 F.3d 626, 634 (8th Cir. 2016) (quoting *United States v. Greenbaum*, 138 F.2d 437, 438 (3d Cir. 1943)).

[¶9]   The United States Supreme Court has recognized regulatory crimes or "public welfare offenses" without a mens rea requirement may not violate due process. *See United States v. Freed*, 401 U.S. 601, 607-10 (1971). The Court has explained with public welfare offenses the accused is usually in a position to prevent a violation with "no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities." *Morissette v. United States*, 342 U.S. 246, 256 (1952). The court also noted the penalties for public welfare offenses often are relatively small and the conviction does not do grave damage to the offender's reputation. *Id.* We have recognized, "public welfare [statutes], i.e., regulatory measures enacted by the legislature under the exercise of the police power, which dispense with mental culpability requirements, have generally been upheld if the accused is in a position to prevent the offense with no more care than society might reasonably expect and the penalty provided is small." *Olson,* at 112-13 (quoting *State v. Carpenter*, 301 N.W.2d 106, 111 (N.D. 1980)).

[¶10] Issuing a check without sufficient funds is a criminal offense under N.D.C.C. § 6-08-16, which provides in relevant part:

> "1. A person may not, for that person . . . make, draw, utter, or deliver any check . . . for the payment of money upon a bank . . . if at the time of the making . . . or delivery, or at the time of presentation for payment, if the presentation for payment is made

within fourteen days after the original delivery thereof, there are not sufficient funds in . . . the bank . . . to meet the check . . . in full upon its authorized presentation. Violation of this subsection is:

. . . .

    d. A class C felony if the amount of insufficient funds . . . is more than one thousand dollars.

. . . .

4. A notice of dishonor may be mailed by the holder of the check upon dishonor or by the holder's agent or representative upon dishonor. . . .

5. An agent acting for the receiver of a check in violation of this section may present the check to the state's attorney for prosecution if the holder or the holder's agent or representative mailed a notice under subsection 4."

[¶11] In *State v. McDowell*, 312 N.W.2d 301, 308 (N.D. 1981), we held a prior version of N.D.C.C. § 6-08-16 did not violate due process when a violation of the statute was a class B misdemeanor. This Court said a culpability element is not required to violate the statute. *Id.* at 303. We concluded that it was proper for the legislature to enact laws making the violation a matter of strict criminal liability without a culpability requirement and that N.D.C.C. § 6-08-16 was a permissible exercise of that power. *Id.* at 306. We held N.D.C.C. § 6-08-16 is a regulatory statute passed for the public welfare to help facilitate transactions in commercial business activities. *Id.* This Court said it was consistent with the purposes of a regulatory statute to allow the imposition of a fine or imprisonment for a violation of the offense without offending due process. *Id.* We noted the violation of the statute in that case was a class B misdemeanor, the penalty for violating the statute was substantially less than the penalty for violating a strict liability offense in certain federal cases, and a misdemeanor conviction does not carry the same repercussions of a felony conviction. *Id.* at 307. We held "it is constitutionally permissible to sentence an offender to the penalty of a class B misdemeanor for a violation of [N.D.C.C.] § 6-08-16." *Id.* at 308.

[¶12] Gedrose contends this case is different from *McDowell* because N.D.C.C. § 6-08-16 has been amended since 1981 to add enhanced penalties based on the amount of the insufficient funds, and here the violation is a class C felony. He

4

argues N.D.C.C. § 6-08-16(1)(d) is an unconstitutional strict liability offense and the lack of a mens rea requirement in the statute violates the due process clause. He claims N.D.C.C. § 6-08-16(1)(d) is not a public welfare offense because it does not regulate potentially harmful or injurious items, it criminalizes innocent conduct, the penalty is severe, and a conviction would gravely damage an individual's reputation.

[¶13] The State and Gedrose agree N.D.C.C. § 6-08-16 does not contain a mens rea requirement and is a strict liability offense. This Court held the violation of N.D.C.C. § 6-08-16 is a strict liability offense, the statute does not contain a culpability requirement, and the legislature properly exercised its power by making the offense a strict liability offense. *McDowell*, 312 N.W.2d at 306. The legislature amended N.D.C.C. § 6-08-16 since *McDowell* was decided and did not add an explicit mens rea requirement. Therefore, we presume our interpretation of the statute as a strict liability offense is in accordance with their intent. *See Rodenburg v. Fargo-Moorhead Young Men's Christian Ass'n*, 2001 ND 139, ¶ 26, 632 N.W.2d 407 (stating "The legislature's failure to amend language interpreted by the courts is evidence the court's interpretation is in accordance with the legislative intent.").

[¶14] We also held N.D.C.C. § 6-08-16 is a regulatory statute passed for the public welfare "to help facilitate transactions in commercial business activities." *McDowell*, 312 N.W.2d at 306. We noted the statute is included in Title 6 dealing with banks and not Title 12.1 dealing with crimes, which indicated the statute is primarily a regulatory standard. *Id.* We explained the use of checks in commercial business activities is a common business practice, havoc would be created in the business world if the practice were abruptly stopped or curtailed, and it is an activity that needs to be carefully regulated because "a violation impairs the efficiency of controls essential to the business world as well as to the public welfare." *Id.* We held N.D.C.C. § 6-08-16 is a regulatory statute passed for the public welfare. *Id.* We will not reconsider our decision on these issues.

[¶15] Courts have said "'the imposition of severe penalties, especially a felony conviction, for the commission of a morally innocent act may violate' due

process." *DeCoster*, 828 F.3d at 633 (quoting *United States v. Enochs*, 857 F.2d 491, 494 n.2 (8th Cir. 1988)). A conviction for a violation of N.D.C.C. § 6-08-16(1)(d) is a felony, which is a severe penalty that may result in serious consequences, including imprisonment, and may damage an individual's reputation. *See* N.D.C.C. § 12.1-32-01(4) (stating a class C felony has a maximum penalty of 10 years' imprisonment and a fine of $10,000). However, N.D.C.C. § 6-08-16 also includes a notice requirement which makes it unlikely a person will be convicted of the offense for innocent conduct.

[¶16] The plain language of N.D.C.C. § 6-08-16(5) states an agent acting for the receiver of the check in violation may present the check to the state's attorney for prosecution if a notice of dishonor was mailed to the person who issued the check. The statute requires a notice of dishonor to be sent to the person issuing the check without sufficient funds before the drawer may be charged with a criminal offense. The notice is required to inform the person that the check was returned unpaid because of nonsufficient funds and that he has 10 days from receipt of the notice to pay sufficient moneys to pay the instrument in full. N.D.C.C. § 6-08-16(4). The notice also may contain a recital of the penal provisions of N.D.C.C. § 6-08-16. N.D.C.C. § 6-08-16(4). The statute requires the person be given notice and an opportunity to correct potential violations before the person can be prosecuted for a violation of the statute.

[¶17] The notice requirement minimizes if not eliminates the danger a person may be prosecuted for innocent conduct, and ensures a person charged with violating the statute acted at least recklessly. *See United States v. Apollo Energies, Inc.*, 611 F.3d 679, 682, 691 (10th Cir. 2010) (holding the Migratory Bird Treaty Act was a strict liability crime and due process required defendants proximately caused harm to the birds and have adequate notice their conduct is a violation; and affirming conviction of defendant who had notice); *Agnew v. Government of the District of Columbia*, 920 F.3d 49, 61 (D.C. Cir. 2019) (holding anti-obstructing statute did not violate due process for lack of a mens rea requirement because the provision requiring the officer instruct the person to move on before arresting for a violation ensured that anyone arrested had a willful state of mind).

6

[¶18] Section 6-08-16(1)(d), N.D.C.C., enjoys a presumption of constitutionality, and Gedrose has not established it violates due process and is unconstitutional. The district court erred in concluding N.D.C.C. § 6-08-16(1)(d) is unconstitutional and by dismissing the charge against Gedrose. We reverse the district court's decision concluding N.D.C.C. § 6-08-16(1)(d) is unconstitutional and dismissing the complaint.

## III

[¶19] We reverse the judgment and remand.

[¶20] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte