# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 13

State of North Dakota,                                    Plaintiff and Appellee

v.

Deyan Robert Luetzen,                                    Defendant and Appellant

### No. 20250223

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Kenessa R. Copeland, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]   Deyan Luetzen appeals from a criminal judgment entered after a jury found him guilty of illegally possessing a firearm. He argues the district court erred by failing to instruct the jury consistently with amendments to the law defining the term "possession" under N.D.C.C. tit. 62.1. He also argues the court obviously erred by not entering a judgment of acquittal because the State failed to present sufficient evidence to prove the gun in this case met the statutory definition of a "firearm." We affirm.

I

[¶2]   The State charged Luetzen with unlawful possession of a firearm by a felon. The State alleged law enforcement found a handgun in Luetzen's vehicle while he was inside a bar where the vehicle was parked. During the trial, Luetzen objected to proposed jury instructions defining the term "possession," asserting the instructions improperly informed the jury the State did not have to prove he acted intentionally. The district court overruled his objection. After the State rested its case, Luetzen moved for entry of a judgment of acquittal arguing there was insufficient evidence to connect him to the vehicle where the gun was found. The court denied his motion. The jury returned a guilty verdict. Luetzen appeals from the criminal judgment.

II

[¶3]   Luetzen raises two issues with respect to the nature of the criminal charge in this case. The first issue requires interpretation of an amendment to N.D.C.C. § 62.1-01-01(11), which defines the term "possession." The second issue requires us to decide whether, based on the meaning of the amendment, the district court improperly instructed the jury on the essential elements of illegally possessing a firearm.

A

[¶4]   Luetzen argues the district court erred by treating the offense of felon in possession of a firearm as a strict liability crime. He asserts 2023 amendments to N.D.C.C. § 62.1-01-01(11) require the State to prove intent to possess a firearm. The State argues the amendments did not change the nature of the offense and it continues to be a strict liability crime.

[¶5]   The interpretation of a criminal statute is a question of law fully reviewable on appeal. *State v. Gaddie*, 2022 ND 44, ¶ 17, 971 N.W.2d 811.

> Our primary goal in interpreting statutes is to ascertain the Legislature's intentions. In ascertaining legislative intent, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage. When a statute's language is ambiguous because it is susceptible to differing but rational meanings, we may consider extrinsic aids, including legislative history, along with the language of the statute, to ascertain the Legislature's intent. We construe ambiguous criminal statutes against the government and in favor of the defendant.

*Id.* (quoting *State v. McCreary*, 2021 ND 212, ¶ 8, 967 N.W.2d 447).

[¶6]   A defendant must generally have a guilty mind before he or she can be convicted. *State v. Gedrose*, 2021 ND 111, ¶ 7, 961 N.W.2d 288. This is a concept commonly referred to as "*mens rea*, scienter, malice aforethought, guilty knowledge, and the like." *Id.* (quoting *Elonis v. United States*, 575 U.S. 723, 734 (2015)). If an offense is in the criminal code, N.D.C.C. tit. 12.1, and no culpability is specified, the State must prove willfulness. N.D.C.C. § 12.1-02-02(2). The default willfulness requirement in the criminal code "will not be read into other chapters unless the Legislature has specifically so stated." *State v. Montplaisir*, 2015 ND 237, ¶ 32, 869 N.W.2d 435 (quoting *State v. Holte*, 2001 ND 133, ¶ 8, 631 N.W.2d 595). "[W]hen a statute outside of Title 12.1, N.D.C.C., does not specify a culpability requirement, the offense is a strict liability offense for which no proof of intent is needed[.]" *State v. Kleppe*, 2011 ND 141, ¶ 14, 800 N.W.2d 311

2

(citing *Holte*, ¶ 10). "A strict liability offense requires no proof of the defendant's intent, knowledge, willfulness, or negligence for conviction." *Gedrose*, ¶ 8.

[¶7]   Under N.D.C.C. § 62.1-02-01, individuals who have been convicted of certain felony offenses are "prohibited from owning a firearm or having one in possession . . . ." In *State v. Buchholz*, 2006 ND 227, ¶ 12, 723 N.W.2d 534, this Court explained, "[t]he offense of felon in possession of a firearm is a strict liability offense . . . ." In 2023, the North Dakota Legislature added the following definition for the term "possession" to N.D.C.C. tit. 62.1:

> "Possession" means an individual has:
>
> > a. Direct physical control of something on or around the individual's person; or
> >
> > b. The power and intention to exercise control over something accessible to but not on or around the individual's person.

N.D.C.C. § 62.1-01-01(11); *see also* 2023 N.D. Sess. Laws ch. 123, § 3; *State v. Enriquez*, 2024 ND 164, ¶ 11, 10 N.W.3d 777 (generally discussing the difference between actual and constructive possession).

[¶8]   Luetzen argues the "amendment fundamentally changed the nature of the offense by requiring proof of a mental state, intention to exercise control." He claims it has the same effect as an amendment this Court addressed in *State v. Bell*, 2002 ND 130, 649 N.W.2d 243, which concerned the offense of possessing a controlled substance with intent to deliver. In *Bell*, this Court recognized the offense was a strict liability offense until the Legislature amended the law to include willfulness. *Id.* ¶ 30. In *Bell*, this Court concluded the offense at issue, "as amended in 1989, now provides: 'it is unlawful for any person to *willfully, as defined in section 12.1–02–02*, manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.'" *Id.* Given the amendment, this Court determined the "offense in Bell's case is no longer a strict liability offense . . . ." *Id.*

[¶9]   The willfulness requirement the Legislature added in *Bell* applied to each type of conduct the law prohibited—namely manufacturing, possessing, and

delivering a controlled substance. Unlike *Bell*, the intent requirement the Legislature added to N.D.C.C. tit. 62.1 only applies to one type of conduct the law prohibits—constructively possessing a firearm. *See generally State v. Gardner*, 2023 ND 116, ¶ 18, 992 N.W.2d 535 (explaining offenses may be committed by alternative means). Now, to obtain a conviction based on constructive possession, the State must prove the person had "[t]he power and intention to exercise control . . . ." N.D.C.C. § 62.1-01-01(11). Actual possession, on the other hand, may be proven by establishing "[d]irect physical control . . . ." *Id.* Neither party's characterization of the offense is correct. It is no longer exclusively a strict liability offense, but it also does not always require proof of intent.

B

[¶10] Luetzen argues the district court erred when it instructed the jury. He argues that prior to the amendment, unwitting possession was an affirmative defense. He asserts that following the amendment, the law ensures due process by "shifting the burden back to the prosecution where it properly belongs." He claims the instructions in this case failed to inform the jury the State had the burden to prove he intended to exercise control over a firearm.

[¶11] Jury instructions must correctly and adequately advise the jury of the applicable law. *Gaddie*, 2022 ND 44, ¶ 6. They may not be misleading or confusing. *Id.* This Court applies the following standard when reviewing the propriety of jury instructions:

> We review the instructions as a whole to determine whether they correctly and adequately advise the jury of the applicable law even if part of the instruction standing alone may be insufficient or erroneous. We will only reverse a conviction based on an improper jury instruction if the instruction relates to a central subject in the case and affects a substantial right of the defendant.

*Id.* (citations omitted).

[¶12] The district court instructed the jury the State had the burden of establishing the elements of the crime beyond a reasonable doubt. The jury instructions described those elements as follows:

4

ESSENTIAL ELEMENTS OF OFFENSE

The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:

> 1) On or about December 31, 2023, in Ward County, North Dakota,
>
> 2) The Defendant, Deyan Robert Luetzen;
>
> 3) Has been convicted of a Class A Misdemeanor, and the offense was committed while using or possessing a firearm;
>
> 4) Owned, possessed, or controlled a firearm; and
>
> 5) Did so within five (5) years from the date of conviction, release from incarceration, parole or probation, whichever is latest.

The court also provided the following definition for the term "possession":

> "Possession" means an individual has direct physical control of something on or around the individual's person; or the power and intention to exercise control over something accessible to but not on or around the individual's person.

[¶13] Contrary to Luetzen's assertion, the instructions properly advised the jury that absent evidence he owned or had actual possession of a firearm, the State was required to prove he intended to exercise control. This instruction is consistent with our interpretation of N.D.C.C. § 62.1-01-01(11) in part II(A). The instructions did not improperly shift the burden to Luetzen. They correctly and adequately advised the jury of the law.

III

[¶14] Luetzen argues the State did not provide sufficient evidence to prove the handgun in this case met the statutory definition of a "firearm." He asserts there is nothing to prove the gun was functional as required by the definition. Luetzen notes he moved for judgment of acquittal under N.D.R.Crim.P. 29, but he

5

concedes he did not raise this specific issue in his motion for an acquittal. He accordingly asks the Court to apply obvious error review.

[¶15] When a defendant moves for judgment of acquittal "on specified grounds and those grounds did not include the claim on appeal, the defendant does not preserve that issue for review." *State v. Dahl*, 2022 ND 212, ¶ 9, 982 N.W.2d 580. This Court will only consider unpreserved sufficiency of the evidence claims for obvious error. *State v. Rodriguez*, 2020 ND 261, ¶ 13, 952 N.W.2d 233.

> To establish obvious error under N.D.R.Crim.P. 52(b), the defendant has the burden to show (1) error, (2) that is plain, and (3) that affects substantial rights. We exercise our power to notice obvious error cautiously, and only in exceptional circumstances where the accused has suffered serious injustice. In determining whether there has been obvious error, we examine the entire record and the probable effect of the alleged error in light of all of the evidence.

*City of Fargo v. Lunday*, 2009 ND 9, ¶ 5, 760 N.W.2d 136 (quoting *State v. Yineman*, 2002 ND 145, ¶ 22, 651 N.W.2d 648).

[¶16] The standard for reviewing a sufficiency of the evidence claim is well established:

> In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor.

*State v. Johnson*, 2021 ND 161, ¶ 7, 964 N.W.2d 500 (quoting *State v. Spillum*, 2021 ND 25, ¶ 6, 954 N.W.2d 673).

[¶17] Under N.D.C.C. § 62.1-01-01(3), a "firearm" is defined as "any device that expels or is readily capable of expelling a projectile by the action of an explosive . . . ." This definition requires the State to prove a gun is functional. *See Enriquez*, 2024 ND 164, ¶ 22 (interpreting similar language in N.D.C.C. ch. 12.1-

6

01 to require "one of two alternative levels of functionality"). Direct evidence is not required; functionality may be proved by "the surrounding facts and circumstances, including testimony from lay witnesses . . . ." *Enriquez*, ¶ 24; *see also State v. Williams*, 93 N.E.3d 449, 459 (Ohio Ct. App. 2017) (explaining functionality may be established by testimony of lay witnesses who observed the gun and the surrounding circumstances). Our caselaw has "not establish[ed] a clear or obvious legal rule as to what constitutes sufficient evidence to prove a handgun is able to 'expel' or 'readily capable of expelling' a projectile." *State v. Ahmed*, 2025 ND 211, ¶ 8, ___ N.W.3d ___.

[¶18] There is circumstantial evidence to support a finding that the gun in this case was functional. The State introduced a federal firearm trace report indicating the handgun law enforcement seized was a Glock 9mm pistol. The State provided the jury with photos of the handgun and its magazine. An officer testified the magazine was loaded with live ammunition. The State also provided evidence the gun was purchased by Luetzen's girlfriend from a commercial firearms dealer roughly thirty days before it was seized. This case is different than *Enriquez*, where there was "no evidence in the record" to prove functionality. 2024 ND 164, ¶ 29. Given our lack of a clear rule as to what constitutes sufficient evidence on this issue, the existence of circumstantial evidence in this case, and the lack of anything to suggest the firearm was damaged or otherwise inoperable, we conclude the district court did not obviously err by failing to enter a judgment of acquittal on its own accord.

IV

[¶19] Title 62.1, N.D.C.C., requires the State to prove intent to exercise control in cases of constructive possession. The district court's jury instructions correctly and adequately advised the jury the State had the burden of proving Luetzen had direct physical control of or intended to exercise control of the gun in this case. Luetzen has not met his burden of establishing the court obviously erred by failing to enter a judgment of acquittal on grounds the evidence was insufficient to prove the gun was functional. The criminal judgment is affirmed.

[¶20] Lisa Fair McEvers, C.J.

Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Douglas A. Bahr

8